FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 MAR 31  PM 3: 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

DIANNE R. SESSIONS,            )
                              )
        Plaintiff,             )
                              )        CV-96-P-2919-S
-vs.-                          )
                              )
GREEN TREE FINANCIAL           )
CORPORATION,                   )
                              )
        Defendant.             )

MAR 5 · 1999

## MEMORANDUM OPINION

The defendant filed this summary judgment motion on March 23, 1998. The court heard oral argument on the motion at the May 29, 1998 motion docket and the motion was thereafter taken under submission.[1] For the reasons expressed below, the summary judgment motion is due to be granted.

### Facts[2]

On January 10, 1990, the plaintiff, Dianne Sessions, and her husband, Robert L. Sessions, purchased a 1990 manufactured home from Southern Life Style Manufactured Housing, Inc. ("seller"). The sale was made on credit with the seller retaining a purchase money security interest in the manufactured home. The seller assigned the contract to the defendant, Green Tree Financial Services, contemporaneously with the sale. In September of 1990, the plaintiff and her husband

---

[1]After submission of this motion for summary judgment, the plaintiff filed a motion to remand. The motion was denied.

[2]The facts are presented in the light most favorable to the non-moving party.

18

divorced. In the divorce decree, Robert Sessions became primarily obligated to make the payments for the manufactured home to Green Tree.[3] At some point after the divorce, the plaintiff's ex-husband defaulted on his payments to Green Tree. After default on the payments, Green Tree repossessed and sold the mobile home. Mr. Sessions thereafter filed for bankruptcy. As a result of the default on the Green Tree contract, Green Tree reported the payment delinquency and repossession to the credit bureau as to both Diane and Robert Sessions. In 1997, Green Tree assigned the contract (and the claim for damages) to the Department of Housing and Urban Development ("HUD"). The assignment was for less than the full amount due. After assigning the contract to HUD, Green Tree reported to the credit bureau that the amount due and owing on the account to Green Tree was $0.00.[4]

Diane Sessions filed suit in Circuit Court of Jefferson County, alleging that Green Tree reported "false and derogatory statements concerning her credit." The defendants removed this case to the Northern District of Alabama, Southern Division, on the basis of both diversity and federal question jurisdiction.

## Anaylsis

In her opposition brief, the plaintiff acknowledges that the divorce settlement agreement does not affect her contractual liability. Therefore, the reports the defendant made to the credit bureau

---

[3]The divorce decree states:

> The Husband shall assume sole responsibility for the first mortgage to
> Greentree, Inc., on the mobile home which served as the marital
> residence, and shall hold the Wife harmless thereon.

See Defendant's Motion for Summary Judgment, Exhibit B.

[4]Although Green Tree previously asserted a counterclaim for a deficiency judgment against the plaintiff, the court granted Green Tree's motion to voluntarily dismiss the counterclaim on June 15, 1998.

were not false or derogatory. Green Tree merely reported that the contract, of which the plaintiff was a signatory, was in default due to non-payment. No false information was reported because the plaintiff was never released from liability under the contract. There are no genuine issues of material fact with respect to this claim and the defendant is entitled to judgment as a matter of law.

Additionally, in her Brief in Opposition to the Motion for Summary Judgment, received by the court on April 13, 1998, the plaintiff raises a new claim asserting that the defendants filed their counterclaim "maliciously and with the intent to harm the reputation of the Plaintiff." This claim is due to be dismissed for two reasons. First, this new claim goes beyond the scope of any allegations contained in the plaintiff's complaint. Further, the plaintiff did not amend her complaint to assert this new claim. Second, even assuming that the claims are appropriately raised, there are no genuine issues of material fact to send to the jury. Although the plaintiff claims that at the time the counterclaim was filed the defendants knew or should have known that the statements in the counterclaim were false due to the assignment of the contract to HUD, there is nothing improper about Green Tree's attempt to collect the deficiency after the assignment. Regardless, the defendant has voluntarily dismissed the counterclaim. The plaintiff's attempt at presenting a new claim without leave of court is improper and the claim is due to be dismissed.

### Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is due to be granted.

Date: _March 31_, 1999.

Chief Judge Sam C. Pointer, Jr.

3

Service List:

William e. Bright, Jr.
Michael Hall
Paul P. Bolus

4